UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAREL ALLAHAB, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>EOS CCA,<br><br>Defendants. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff CHAREL ALLAHAB (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant EOS CCA, (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, *et seq*. ("FDCPA").

1

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with a principal place of business in Massachusetts.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New York consumers who were sent collection letters and/or notice from Defendant attempting to collect an obligation owed to or allegedly owed to Verizon Wireless in which the Defendant improperly attempted to collect an amount in excess of what was owed, in violation of 15 U.S.C. §1692 *et seq*.

    - The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of

persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to November 11, 2016, an obligation was allegedly incurred by Plaintiff.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or

4

household purposes.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. Verizon Wireless, directly or through an intermediary, contracted Defendant to collect the alleged debt.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. In its effort to collect on the alleged obligation, Defendant mailed a series of Collection Letters to Plaintiff.

22. On or about November 11, 2016, Defendant mailed a Collection Letter to Plaintiff which asserted that the account balance of $3465.76 was due and owing to Defendant and/or Verizon.

23. On the back of the November 11, 2016 letter it stated: "Principal $2,937.09" and FEES COLL. COSTS $528.67.

24. This was the first letter sent to the Plaintiff.

25. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### First Count
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. One such request is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

29. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

30. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

31. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

32. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

33. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

34. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

35. Defendant's November 11, 2016 letter states: "Client Name: VERIZON WIRELESS."

36. Indeed, Defendant's letter fails to identify any entity or individual as a "creditor" to whom the debt is owed.

37. The letter goes on to state "Check must be made payable to Verizon."

38. "Verizon Wireless," even if meant as the creditor to whom the debt is owed, is not specific enough to apprise Plaintiff of the identity of the creditor to whom the debt is owed.

39. There is no entity named "Verizon Wireless" registered with the New York State Department of State, Division of Corporations.

40. Conversely, there are four (4) entities registered in New York that contain "Verizon Wireless" in their legal name.

41. Looking at the second name provided by the Defendant "Verizon."

42. There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

43. Conversely, there are thirty-nine (39) disparate entities registered in New York that begin their legal name with "Verizon."

44. The least sophisticated consumer would likely be uncertain as to who the creditor is.

45. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

46. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

47. The least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed.

48. The least sophisticated consumer would likely be uncertain as to the creditor to whom the debt is owed.

49. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

50. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

51. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

### Second Count
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

53. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

55. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

56. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

57. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

58. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

59. The least sophisticated consumer would likely be deceived by Defendant's conduct.

60. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

61. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### Third Count
### Violation of 15 U.S.C. §§ 1692e, 1692f

### The Charging of Unlawful Fees

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. Defendant's "Fees Coll. Costs" fee demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not authorized by the agreement creating the debt.

65. Defendant's "Fees Coll. Costs" additional fee demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not permitted by law.

66. Defendant's "Fees Coll. Costs" fee demand is in violation of 15 U.S.C. § 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payments made by phone, or by collecting an amount that was not authorized by contract or permitted by law.

67. In addition, Defendant's additional FEE for collection costs, "Fees Coll. Costs" is in violation of 15 U.S.C. § 1692e(2)(A), which prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt, where Defendant misleadingly informed and added an additional fee labeled as "Interest Due" to the underlying alleged principle, when in fact no such charge is permitted by law.

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §§1692(e) and (f) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Fourth Count

**Violation of 15 U.S.C. §§ 1692e**
**False or Misleading Representations**

69. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "68" herein with the same force and effect as if the same were set forth at length herein.

70. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

71. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

72. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

73. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

74. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be unlawfully received by any debt collector for the collection of a debt.

75. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via an "FEES COLL COSTS" additional fee.

76. The "least sophisticated consumer" would likely be deceived by the fee charged as "FEES COLL. COSTS" fee into believing that Defendant was legally entitled to collect the fee.

77. The least sophisticated consumer would likely be deceived in a material way by the Defendant's conduct.

78. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect an alleged debt.

## Fifth Count
## 15 U.S.C. §1692g
## Failure to Adequately Convey the Amount of the Debt

79. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "78" herein with the same force and effect as if the same were set forth at length herein.

80. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

81. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

82. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

83. Defendant's letter sets forth a Principal amount of: $2,937.09

84. Defendant's letter then sets fourth: "FEES COOL. COSTS" in the amount of : $528.67

85. Defendant's letter fails to classify what these collection costs are.

86. Defendant's letter then states Balance in the amount of $3,465.76.

87. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

88. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716

(D. Conn. Apr.11, 2012).

89. The letter fails to advise Plaintiff that if Plaintiff pays the "Balance Due: $3,465.76" an adjustment may be necessary after Defendant receives payment.

90. The letter fails to advise Plaintiff that Defendant will inform Plaintiff of the balance difference before depositing payment.

91. The letter fails to advise Plaintiff of the amount of potential late fees.

92. The letter fails to advise Plaintiff the amount of money the "Balance Due" will increase per day.

93. The letter fails to advise Plaintiff the amount of money the balance "in the sum of $3,465.76," will increase per week.

94. The letter fails to advise Plaintiff the amount of money the "Balance Due" will increase per month.

95. The letter fails to advise Plaintiff the amount of money the "Balance Due" will increase in any measurable period.

96. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

97. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after the receipt of the letter.

98. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees.

99. If interest is continuing to accrue, the least sophisticated consumer would not know how

to satisfy the debt because the letter fails to indicate the applicable fee.

100. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fail to indicate the amount of applicable and/or possible late fees.

101. For these reasons, Defendant failed to clearly state the amount of the debts.

102. For these reasons, Defendant failed to unambiguously state the amount of the debts.

103. The least sophisticated consumer would be confused as to how she could satisfy the debt.

104. The least sophisticated consumer will be confused as to what he actually owes.

105. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

106. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

107. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

## FOURTH COUNT
## Violation of 15 U.S.C. §§ 1692e
### False or Misleading Representations

108. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "69" herein with the same force and effect as if the same were set forth at length herein.

109. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

110.      While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

111.      A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

112.      As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Balance Due" was static.

113.      As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Balance Due" was dynamic due to the continued accumulation of charges and interest.

114.      Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

115.      Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

116.      Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ibrahim Abohamra, Esq.,

        as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 15, 2017

Respectfully submitted,

By: /s/ Ibrahim Abohamra
Ibrahim Abohamra, Esq.
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (646) 590-0571
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Ibrahim Abohamra*
Ibrahim Abohamra, Esq.

Dated: March 15, 2017